UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA SANTOS SANTANA,

    Plaintiff,

v.                                Case No.:  8:22-cv-2626-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Linda Santos Santana seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.  Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on October 31, 2019, alleging disability beginning on February 22, 2019. (Tr. 156, 327-28). The applications were denied initially and on reconsideration. (Tr. 156, 178). Plaintiff requested a hearing, and on November 2, 2021, a hearing was held before

Administrative Law Judge Anne Sprague ("ALJ"). (Tr. 111-33). On December 13, 2021, the ALJ entered a decision finding Plaintiff not under a disability from February 22, 2019, through the date of the decision. (Tr. 90-105).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on September 22, 2022. (Tr. 1-6). Plaintiff filed a Complaint (Doc. 1) on November 16, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 13).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 92). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 22, 2019, the alleged onset date. (Tr. 92). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical, thoracic, and lumbar spine; cervical and lumbar radiculopathy; diabetes mellitus type-2; nonobstructive coronary artery disease with normal ejection fraction; hypertension." (Tr. 92). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 95).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except lifting and carrying 20 pounds occasionally and 10 pounds frequently, sitting six hours total in an eight-hour workday, and standing and/or walking two hours total in an eight-hour workday. She can frequently reach overhead and finger with the bilateral upper extremities. She can frequently climb stairs and ramps, stoop, kneel, crouch, and crawl. She can occasionally climb ladders, scaffolds, and ropes.

(Tr. 96).

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as: (1) a customer complaint clerk, as actually performed by Plaintiff and as generally performed in the national economy; and (2) a billing clerk, as generally performed in the national economy. (Tr. 102-103). The ALJ also found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 102).

Alternatively, the ALJ proceeded to step five of the sequential evaluation process and found that considering Plaintiff's age (52 years old on the alleged disability onset date), education (at least high school), acquired work skills, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 103-104). Specifically, the

vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)    Appointment clerk, DOT 237.367-010, sedentary, semi-skilled, SVP 3[1]

    (2)    Returned items clerk, DOT 216.382-058, sedentary, semi-skilled, SVP 4

    (3)    Statement clerk, DOT 214.362-046, sedentary, semi-skilled, SVP 4

(Tr. 104). The ALJ concluded that Plaintiff had not been under a disability from February 22, 2019, through the date of the decision. (Tr. 104).

## II. Analysis

On appeal, Plaintiff raises two issues:

    (1)    Whether the ALJ erred in finding that Plaintiff had medically determinable mental impairments that resulted in mild limitations, but did not include any limitations in the RFC findings; and

    (2)    Whether the Appeals Council erred in failing to find that evidence submitted to it after the ALJ's decision was material, new, and that there was a reasonable probability it would have altered the ALJ's decision.

(Doc. 19, p. 3).

### A. Mental Impairments

Plaintiff contends that the ALJ found depression and anxiety medically determinable impairments, and also found Plaintiff had mild or no limitations in the "paragraph B" criteria. (Doc. 19, p. 5). Plaintiff argues that the ALJ failed to discuss

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

whether her mild limitations in concentration, persistence, and pace would impact her RFC. (Doc. 19, p. 6). Plaintiff claims that the ALJ did not provide sufficient reasons for a reviewing court to determine whether the proper legal analysis was conducted, relying on *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1251 (11th Cir. 2019). (Doc. 19, p. 6). *Schink* is easily distinguishable from this case.

In *Schink*, Plaintiff appealed the denial of his application for disability benefits. *Id.* The District Court affirmed the decision. *Id.* The Eleventh Circuit reversed, finding good cause did not exist to discount two treating physicians' opinions, and substantial evidence did not support a finding that Plaintiff's mental impairments were non-severe. *Id.*

Plaintiff claims that the Eleventh Circuit remanded *Schink* in part because whether severe or not, the administrative law judge was required to consider a plaintiff's mental impairments in the RFC assessment, but failed to do so. (Doc. 19, p. 4). In *Schink* – while using superseded regulations – the Court held that the administrative law judge improperly rejected the opinions of two treating physicians without good cause. *Id.* at 1264. The Court also found substantial evidence did not support the administrative law judge's finding that the plaintiff's mental impairments were non-severe. *Id.* at 1268. Finally, the Court found that the administrative law judge erred in the RFC assessment by erroneously omitting Plaintiff's mental impairments. *Id.* at 1269. In the RFC discussion, the administrative

law judge discussed Schink's physical impairments and only mentioned he had bipolar disorder with no real discussion of how this mental condition affected the plaintiff's RFC. *Id.*

Here, the ALJ found Plaintiff's medically determinable mental impairments caused no more than mild limitations in three of the functional areas and caused no limitations in the fourth. (Tr. 94). The ALJ further found that Plaintiff's mental impairments of anxiety disorder and depression, considered singly or in combination, did not cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities. (Tr. 93). The ALJ then concluded – and Plaintiff does not contest –that Plaintiff's mental impairments were non-severe. (Tr. 93).

When discussing Plaintiff's mental impairments, the ALJ noted that at the hearing, Plaintiff alleged no mental impairments, symptoms, or limitations except limited focus. (Tr. 94). For the RFC determination, the ALJ discussed Plaintiff's mental impairments when evaluating Sara Malowitz, Psy.D.'s consultative psychological examination. (Tr. 102). The ALJ found this opinion unpersuasive, and noted that the medical records showed normal mental status examinations, except flat affect, and that Plaintiff received no mental health treatment except medications for anxiety and depression through her primary care provider. (Tr. 102). Moreover, in finding at most mild impairments, other courts have found the ALJ was not

required to include any mental limitations in the RFC. *See Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782-EJK, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022) ("Notably, an ALJ is not required to include mental limitations in the RFC finding merely because he identified mild mental limitations in the PRT criteria.") (citing *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979-80 (11th Cir. 2016) (per curiam)). Here, the ALJ considered all of Plaintiff's impairments, including any mental limitations, in assessing Plaintiff's RFC. For these reasons, substantial evidence supports the ALJ's RFC assessment.

### B. Evidence Submitted to Appeals Council

With no citation to the record, Plaintiff asserts that after the ALJ's decision, Plaintiff provided records to the Appeals Council from Bay Care Mental Health Clinic dated April 13, 2022, which showed her insight and judgment were only fair, and she had major depressive disorder and generalized anxiety disorder with panic attacks. (Doc. 19 p. 8; Tr. 35-36). Plaintiff then posits that the question is whether this evidence is new, material, and demonstrates a reasonable probability that the ALJ's decision would have been different if she had this evidence before her. (Doc. 19, p. 9).

On September 22, 2022, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). It acknowledged that Plaintiff submitted additional evidence from:

> Good Samaritan Clinic of Pasco dated February 22, 2022 through March 16, 2022 (11 pages), BayCare Behavioral

>Health dated April 13, 2022 through May 25, 2022 (17 pages), Advanced Dermatology and Cosmetic Surgery dated June 22, 2022 through July 20, 2022 (20 pages) and a Disability Report received April 20, 2022 (13 pages).

(Tr. 2). The Appeals Council then determined: "The Administrative Law Judge decided your case through December 13, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 13, 2021." (Tr. 2).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[2] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). "Evidence is material if 'there is a reasonable possibility that the new

---

[2] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

evidence would change the administrative outcome.'" *Atha*, 616 F. App'x at 936. The new regulation added an additional requirement that the Appeals Council "will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435…." 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). But the Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Id.*

Plaintiff failed to argue, much less show that any of the additional materials submitted to the Appeals Council were new such that they were chronologically relevant to the period on or before the ALJ's decision. Nor did Plaintiff show that the additional evidence was material such that there was a reasonable probability that the new evidence submitted would change the outcome of the decision. Thus, remand is not warranted.

## III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2024.

*[Signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties